## Lees et vir v. Yeager et al.

*Julian W. Barnard*, for plaintiffs.

*Duffy, McTighe & McElhone*, for defendant.

KNIGHT, P. J., January 25, 1949.—On the morning of January 23, 1947, at about 8:30 a.m., plaintiff, Jane K. Lees, was driving her husband, plaintiff George D. Lees, in the latter's automobile, southerly, on McClenaghen Mill Road, in Lower Merion Township. It was daylight, the weather was clear, and the roads dry. The intersection of McClenaghen Mill Road and Montgomery Avenue, is controlled by an automatic traffic light.

Mrs. Lees was driving the car at a speed of from 20 to 25 m.p.h., and as she approached the intersection, she slowed down the speed. When she reached the side of Montgomery Avenue, the traffic light was green in her favor, and she proceeded into the intersection. The view at the intersection is obstructed, and Mrs. Lees could not see to her left on Montgomery Avenue until she reached the side thereof. She looked to her left when about to enter the intersection and saw the car of defendant Yeager two and a half car lengths beyond the intersection, to her left. She pro-

ceeded into Montgomery Avenue, and her car collided with that of defendant in the middle of the intersection.

Defendant Yeager testified that as he approached the intersection, the light was amber, and that he continued on and did not see the Lees car until the two machines collided.

The verdicts were in favor of plaintiffs, Mr. and Mrs. Lees, and against defendant Yeager. As to Jane K. Lees, additional defendant, the verdict was for defendant.

In support of the motions for judgments n. o. v. it is argued that Mrs. Lees was guilty of negligence as a matter of law, under her own description and that of her husband, as to the manner she committed herself to the intersection. She was proceeding upon a green light, and when she entered the intersection, at a speed not greater than 20 miles an hour, she looked or glanced to her left and saw defendant Yeager's car, two and a half car lengths from the intersection; her husband places the distance at three car lengths; she had proceeded half way across Montgomery Avenue, when her car was struck on the left front side by the Yeager machine. She gives the time that elapsed between entering the intersection until the collision, as about two seconds, which would nearly fit in with the speed of the cars, the position of the Yeager car, and the distance traveled.

Mrs. Lees had no duty to anticipate negligence on the part of Yeager, and had a right to assume that he would obey the traffic signal.

Under these circumstances, the question of negligence as to Mrs. Lees, was for the jury, and the trial judge could not have declared her guilty of negligence as a matter of law.

In support of the motions for new trials, counsel for defendant, Yeager, has assigned four original and five additional reasons. The four original reasons

are the usual ones, complaining that the verdict was against the law, the evidence, the weight of the evidence, and the charge of the court.

There is no merit in any of them.

The fifth reason complains that certain questions asked by counsel for Mr. and Mrs. Lees, of one of their witnesses, were unfair and prejudicial.

This witness was an ex-police official, who while on the police force, had investigated the accident. He was asked if he had charged Yeager with another traffic violation. The trial judge allowed the witness to answer over objection. If, "by another traffic violation" is meant, some violation with no connection with the collision, then the question was improper. The court, the witness, and counsel, we believe, fully understood that the violation charged had reference to the subject of the trial.

The witness answered "I issued a summons".

Counsel then, in a series of several questions, sought to show that Yeager had pleaded guilty to going through a red light.

The questions were objected to and the objections sustained, and the questions stricken out.

If the plea of guilty could have been properly proved, we think it relevant as any admission by defendant relevant to the case, would have been properly admitted. When the judge ruled on the first question asked, he had no means of knowing whether the witness was properly qualified to testify as to the plea of guilty.

We do not think there was error here, and if there was, it was not so prejudicial as to warrant us in setting the verdict aside.

The sixth reason is the refusal to grant nonsuits.

We have discussed this in considering the motions for judgments n. o. v., and for the reasons therein set forth dismiss this reason.

The seventh reason complains of a portion of the charge of the court. Mr. McTighe, counsel for Yeager, had argued to the jury that a provision of The Vehicle Code of May 1, 1929, P. L. 905, made it unlawful to cross the intersection here involved, at a speed exceeding 10 miles per hour. The trial judge instructed the jury that this was not the law as he understood it, and this instruction is assigned as error.

The difference of opinion arises because of different interpretations of one of the provisions of subsection (b) of section 1002 of The Vehicle Code, as amended. This provision makes it unlawful to operate at a greater speed than 10 miles per hour

"All vehicles, when passing any interurban or street car taking on or discharging passengers; at an intersection, where a safety zone has been established, or where traffic is controlled by a peace officer or a traffic signal."

Counsel for Yeager contends that under the above provision, a motorist may not cross an intersection controlled by a peace officer or traffic signal, at a greater speed than 10 miles an hour.

The trial judge construed the above provision to apply only to situations in which interurban or street cars were involved.

We think the trial judge was right, as a reading of the entire subsection (b) of 1002 will clearly show. For instance, it is permitted to cross an intersection in a business or residence district, at 20 m.p.h., when the intersection is not controlled by a traffic light. To argue that the legislature intended that a speed of 20 miles an hour is lawful at an unguarded intersection but at one controlled by a signal light a speed of over 10 miles is unlawful, seems absurd. Daily observation of the speed of motor vehicles crossing intersections controlled by traffic signals, will demonstrate that un-

less the vehicle is required to stop by the signal, it crosses the intersection in the great majority of cases, at a speed in excess of 10 miles an hour. The common understanding of motorists and law enforcement officers seems to be that the 10-mile limit does not apply to such cases.

We have never seen or heard of a case in which it was stated or contended that it was unlawful for a motorist to cross an intersection controlled by a traffic signal at a greater speed than 10 miles an hour. If the law is as contended by counsel for Yeager, surely this would have been mentioned in some of the thousands of cases arising from the collisions of automobiles at intersections. The trial judge's interpretation of the provision seems to be the interpretation placed upon it by the legal profession and the courts. Even if counsel for Yeager is correct in his interpretation of the above provision, it does not follow that the speed of the Lees car was the proximate cause of the collision, or contributed thereto.

The eighth reason in support of the motions for a new trial, is the refusal of the trial judge to affirm points for charge which requested binding instructions.

We have considered this reason in our discussion of the motion for judgment n. o. v., and for the reasons therein set forth, reason no. 8 is dismissed.

Reason no. 9 applies to the case of Jane K. Lees.

The trial judge submitted certain questions to the jury. In answering these questions the jury found Yeager was guilty of negligence, and Jane K. Lees not guilty of negligence.

The jury was also asked:

"If Jane K. Lees is entitled to recover, what do you fix as her damage?"

To this the jury answered:

"None."

The trial judge moulded the verdict to read as a verdict for plaintiff Jane K. Lees against Yeager, and assessed the damages at six cents.

This is assigned as error.

Jane K. Lees was entitled to a verdict because a right she possessed had been unlawfully invaded by defendant Yeager. By long custom this right to a naked verdict is expressed by awarding nominal damages usually fixed at six cents.

We find no merit in reason no. 9.

And now, January 25, 1949, the motions for judgments n. o. v. and for new trials, are overruled, and all reasons in support thereof dismissed.